# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ANTONIO MONTEZ BAILEY,

    Petitioner,

v.                                Case No.: 2:08-CV-13687

LLOYD RAPELJE,

    Respondent.
_____/

## ORDER DENYING PETITIONER'S "MOTION TO STAY, AND HOLD IN ABEYANCE PETITION FOR WRIT OF HABEAS CORPUS"

Petitioner Antonio Montez Bailey, a state prisoner currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of bank robbery, Mich. Comp. Laws § 750.531a, and armed robbery, Mich. Comp. Laws § 750.529, pursuant to a plea in Jackson County Circuit Court in 2005. The state court sentenced Petitioner as a habitual offender to concurrent terms of twenty to fifty years imprisonment on those convictions. In his petition, Petitioner asserts that his conviction is the product of an unfulfilled promise of leniency, that his plea was illusory and involuntary, that his sentence is based upon inaccurate information, and that the state courts erred in denying him relief.

This matter is before the court on Petitioner's motion to hold his habeas case in abeyance so that he may exhaust additional claims concerning the effectiveness of trial and appellate counsel, double jeopardy, the factual basis for his plea, the trial court's refusal to allow plea withdrawal, and the scoring of two offense variables (OV-9 and OV-

13) of the state sentencing guidelines. For the reasons stated below, the court will deny Petitioner's motion.

## I.  BACKGROUND

Following his convictions and sentencing, Petitioner filed an application for leave to appeal with the Michigan Court of Appeals raising the same claims contained in the present petition. The Michigan Court of Appeals denied the application. *See People v. Bailey*, No. 274556 (Mich. Ct. App. Feb. 12, 2007). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, but this was also denied. *See People v. Bailey*, 738 N.W.2d 229 (Mich. Sept. 21, 2007).

Petitioner filed his habeas petition on August 26, 2008. Respondent has not yet filed an answer to the petition. Respondent's answer is due March 3, 2009. Petitioner dated the present motion, seeking a stay and abeyance, on December 15, 2008, and it was filed by the court on December 17, 2008. Respondent has not filed a response to Petitioner's motion.

## II.  STANDARD

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal law provides that a habeas petitioner is entitled to relief only if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the

Supreme Court of the United States.  28 U.S.C. § 2254(d).  State courts must be given a fair opportunity to rule upon all of a petitioner's habeas claims before he can present those claims in federal court, otherwise, the court is unable to apply the standard found at 28 U.S.C. § 2254.

A petitioner satisfies the exhaustion requirement if he invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court.  *O'Sullivan*, 526 U.S. at 845.  A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns."  *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993).  A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief.  *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  A petitioner bears the burden of showing that he has exhausted state court remedies.  *Rust*, 17 F.3d at 160.

### III.  DISCUSSION

Petitioner seeks to hold his habeas petition in abeyance so that he may exhaust his state court remedies as to several additional claims.  A federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition.  *See Rhines v. Weber*, 544 U.S. 269, 276 (2005).  Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good

cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id.* at 277.

In this case, Petitioner has not shown the need for a stay. His current claims are exhausted, and the one-year limitations period applicable to habeas actions does not pose a concern. *See* 28 U.S.C. § 2244(d)(1). The Michigan Supreme Court denied Petitioner leave to appeal on direct appeal on September 21, 2007. Petitioner then had ninety days in which to seek a writ of certiorari with the United States Supreme Court. *See* Sup. Ct. R. 13(1). Under the statute of limitations, Petitioner's convictions became final on or about December 20, 2007, or ninety days after the Michigan Supreme Court denied relief. Petitioner then had one year in which to file his federal habeas petition or seek additional state court review. *See* 28 U.S.C. § 2244(d)(2). Petitioner filed his federal habeas petition on August 26, 2008, after only 252 days of the one-year period had expired. While the time in which his habeas case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by this court, *see, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). Given that 113 days of the one-year limitations period remain, Petitioner has sufficient time in which to exhaust additional issues in the state courts and return to federal court should he wish to do so. A stay is therefore unnecessary.

Moreover, while some of Petitioner's additional claims do not appear to be

"plainly meritless," Petitioner has failed to set forth any reasons for his failure to previously exhaust those claims in the state courts before filing his federal habeas petition. Consequently, the court cannot determine whether Petitioner has intentionally delayed. Given such circumstances, a stay is unwarranted.

### IV.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Petitioner's motion to hold his habeas case in abeyance [Dkt. # 7] is DENIED. Should Petitioner wish to have the court dismiss the present habeas petition, which he asserts contains only exhausted claims, so that he may pursue additional issues in the state courts, he may move for a non-prejudicial dismissal of his habeas petition within **thirty days** of the filing date of this order. If he does not do so, the court shall proceed on the claims contained in the present petition. The court makes no determination as to the merits of Petitioner's claims.

                        s/Robert H. Cleland  
                        ROBERT H. CLELAND  
                        UNITED STATES DISTRICT JUDGE

Dated:  December 30, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 30, 2008, by electronic and/or ordinary mail.

                        s/Lisa G. Wagner  
                        Case Manager and Deputy Clerk  
                        (313) 234-5522